**SHI HUI LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–4739–ag.**

United States Court of Appeals, Second Circuit.

July 9, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Hold-

Gary J. Yerman, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division; Emily Anne Radford, Assistant Director; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Shi Hui Lin, a native and citizen of the People's Republic of China, seeks review of a September 5, 2008 order of the BIA, affirming the September 20, 2007 decision of Immigration Judge ("IJ") Jeffrey S. Chase, which denied his motion to reopen. *In re Shi Hui Lin,* No. A029 728 985 (B.I.A. Sept. 5, 2008), *aff'g* No. A029 728 985 (Immig. Ct. N.Y. City Sept. 20, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Lin's untimely and number-barred motion to reopen.

Lin argues that the agency erred by relying on its precedential decisions to summarily conclude that he failed to demonstrate either material changed country

er Jr. is automatically substituted for former Attorney General Michael B. Mukasey as re-

spondent in this case.

conditions sufficient to excuse the time and number limitations for filing his motion to reopen or his *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Contrary to Lin's assertion, there is nothing in the agency's decisions compelling the conclusion that it failed to take into account all of his evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006).

Lin also asserts that the agency erred in failing to address whether the U.S. Department of State's 2006 Country Report on Human Rights Practices and a 1988–2007 fine schedule in the record indicated that he would be subject to excessive fines amounting to persecution. However, neither that report nor the fine schedule indicates that country conditions have materially changed or that such fines would amount to economic persecution for some-

one in Lin's economic circumstances. *See Guan Shan Liao v. U.S. Dep't. of Justice,* 293 F.3d 61, 70 (2d Cir.2002).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).